IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 92-cv-00055-EWN-MEH

AKEEM ABDUL MAKIN and
JAHAD ALI,

    Plaintiffs,

vs.

FRANK O. GUNTER, Colorado Department of Corrections, Executive Director,
in his official capacity,
FRANK GUNTER, individually,
JIM BRITTAIN, in his official capacity,
JIM BRITTAIN, individually,
REX WORLEY, in his official capacity, and
REX WORLEY, individually,

    Defendants.

---

REPORT AND RECOMMENDATION FOR DENIAL
OF "MOTION OF ENFORCEMENT OF RELEASE AND SETTLEMENT"

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By Special Order of Reference, filed March 3, 2006, Plaintiff Jahad Ali's "Motion of Enforcement of Release and Settlement" (hereinafter "Motion"), filed on January 23, 2006, has been referred to me for recommendation. No response to the Motion, or extension of time to respond, has been filed by any Defendant. As discussed below, I **recommend** that the Motion be **denied**.

The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need

not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## DISCUSSION

In the Motion, the Plaintiff indicates that he entered into a release and settlement agreement with the Defendants on May 7, 1993. The docket indicates that dismissal was granted on or about June 6, 1993 (Docket #74). Plaintiff has failed to indicate in the Motion an intent by the parties that this Court retain jurisdiction in this matter, and there is no evidence in the record that the Court has done so. In fact, the record evidences that co-Plaintiff Akeem Abdul Makin attempted to re-open this case to enforce the settlement as it concerned him, and the request was denied based on a lack of jurisdiction (Dockets #80 and #81). Accordingly, on March 10, 2006, the Plaintiff was ordered to show cause why the Motion should not be dismissed (Docket #88). The Plaintiff filed his response on March 20, 2006 (Docket #91), but in the response he fails to establish that jurisdiction was in any way retained by this Court.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that the district court shall dismiss a pending action "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." FED.R.CIV.P. 12(h)(3). As a general rule, a

district court should first resolve doubts regarding its subject matter jurisdiction before proceeding to the merits of the litigation. *See Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999). A court lacking jurisdiction must dismiss the litigation at any point in the proceedings in which it becomes apparent that jurisdiction is lacking. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). A district court does not have ancillary jurisdiction to enforce settlement agreements once the case has been dismissed and absent any contrary language in the order dismissing the case. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-82 (1994) (once parties have settled and the district court has dismissed the case, the district court does not have ancillary jurisdiction to enforce the parties' settlement agreement) (cited in *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).

## CONCLUSION

Based upon the record herein, there appears to be no jurisdiction in this Court to enforce the agreement. Therefore, it is hereby **recommended** that the Plaintiff's Motion of Enforcement of Release and Settlement [Filed January 23, 2006; Docket #82] be **denied.**

Dated at Denver, Colorado, this 6th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge