**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 92-cv-00055-NYW-MEH

AKEEM ABDUL MAKIN, and
JAHAD ALI,

      Plaintiffs,

v.

FRANK O. GUNTER, Colorado Department of Corrections, Executive Director, in his official capacity,
FRANK GUNTER, individually,
JIM BRITTAIN, in his official and individual capacities, and
REX WORLEY, in his official and individual capacities,

      Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty entered on August 11, 2022 [Doc. 100] arising from Mr. Ali's letter to the Court, which the Court construes as a Motion to Enforce the Settlement Agreement. *See* [Doc. 95]. Plaintiff Jahad Ali ("Mr. Ali") filed Objections to the Recommendation on October 6, 2022. [Doc. 114].[1] For the reasons stated below, Plaintiff's Objections are **OVERRULED** and the Recommendation is **ADOPTED**.

---

[1] Defendants have not responded to the Objections. However, the Court has determined that it may rule on the Objections without any response.

## LEGAL STANDARD

The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  To be sufficiently specific, an objection must "focus the district court's attention on the factual and legal issues that are truly in dispute."  *Id.*  In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

## BACKGROUND

The factual and procedural background of this case was discussed in Judge Hegarty's Recommendation, *see* [Doc. 100 at 2-3], and the Court repeats this information only as necessary for purposes of this Order.  Mr. Ali initiated this action, along with Plaintiff Akeem Abdul Makin, on January 13, 1992.  [Doc. 1].  In 1993, Judge Edward W. Nottingham granted two motions to dismiss this case based on notices of settlement.  *See* [Doc. 69; Doc. 74].  Mr. Ali's and Mr. Makin's subsequent attempts to reopen the case in the following years were denied.  *See* [Doc. 75; Doc. 78; Doc. 79; Doc. 81].

Then, in 2006, Mr. Ali filed a "Motion of Enforcement of Release and Settlement" (the "2006 Motion") [Doc. 82], which was referred to Magistrate Judge Hegarty.  [Doc. 86].  Prior to addressing the 2006 Motion, Judge Hegarty issued an Order to Show Cause, directing Mr. Ali to

show cause why the 2006 Motion should not be denied for lack of jurisdiction.  [Doc. 88].  After

Mr. Ali responded to the Order to Show Cause, *see* [Doc. 91], Judge Hegarty recommended that

the 2006 Motion be denied on the basis that the Court lacks jurisdiction to enforce the Parties'

settlement agreement in this case.  [Doc. 93 at 2-3].  Specifically, Judge Hegarty noted that

"Plaintiff ha[d] failed to indicate in the Motion an intent by the parties that this Court retain

jurisdiction in this matter, and there is no evidence in the record that the Court ha[d] done so."  [*Id.*

at 2].  Judge Hegarty's Recommendation was accepted and the 2006 Motion was denied.  *See*

[Doc. 94].

Mr. Ali filed the instant Motion on August 1, 2022.  [Doc. 95].  In his Motion, Mr. Ali

states that officials at the Freemont Correctional Facility ("FCF") and the Colorado Department of

Corrections ("CDOC") have violated the Parties' settlement agreement by restricting his access to

his legal mail.  [*Id.* at 1].  He moves the Court to "find[] that [CDOC] is in the wrong and in

violation of the settlement agreement."  [*Id.* at 2].  Judge Hegarty construed Mr. Ali's current

request as a Motion to Enforce the Settlement Agreement, [Doc. 100 at 3], and this Court does the

same.

In his Recommendation, Judge Hegarty recommends that the Motion be denied on the basis

that the Court lacks jurisdiction to enforce the settlement agreement, because "once the parties to

a lawsuit have settled and the district court has dismissed the case, the district court does not have

ancillary jurisdiction to enforce the parties' settlement agreement."  [*Id.* at 3-4].  Mr. Ali timely

objected to the Recommendation on October 6, 2022.[2]  [Doc. 114].

---

[2] Magistrate Judge Hegarty advised Mr. Ali that, pursuant to Rule 72 of the Federal Rules of Civil
Procedure, he had 14 days after service of the Recommendation to file any written objections.  *See*
[Doc. 110 at 4 n.2].  After the Recommendation was mailed to Mr. Ali, it was returned to the Court
as undeliverable.  *See* [Doc. 105].  To ensure that Mr. Ali had sufficient time to receive a copy of
the Recommendation and file any objections, this Court su*a sponte* extended Mr. Ali's objection

## ANALYSIS

Mr. Ali objects to Judge Hegarty's Recommendation insofar as the Recommendation states that the Court lacks jurisdiction to enforce the settlement agreement. [*Id.* at 1]. Specifically, Mr. Ali states that "on three separate occasions the District Court has retained [its] jurisdiction over this settlement agreement by incorporating in [its] order of dismissals the terms of the agreement." [*Id.*]. In support of his argument, Mr. Ali cites three court filings issued in a separate case filed by Mr. Ali in this District: *Ali v. Clements*, Civil Action No. 12-cv-02027-REB-CBS (the "2012 Case"). *See* [*id.* at 2].

Mr. Ali initiated the 2012 Case on August 2, 2012. [ECF No. 1].[3] On September 4, 2012, Magistrate Judge Boyd N. Boland entered an Order Directing Plaintiff to File Amended Complaint, wherein he briefly summarized Plaintiff's claims in the 2012 Case as follows:

> Each of the claims arises from Mr. Ali's contention that since 2009 the DOC has refused to honor a 1992 agreement to recognize his religious and legal name, Jahad Ali, on all mail he sends and receives. Although he complains that rejected mail has been intermittent in the past, he contends that since November 2011 he has received twelve notices of rejected incoming and outgoing mail addressed under his religious/legal name.

[ECF No. 6 at 2]. Then, on March 6, 2013, Judge Lewis T. Babcock entered an Order to Dismiss in Part and to Draw Case to District Judge and to Magistrate Judge, wherein Judge Babcock summarized the 2012 Case as follows:

---

deadline to September 12, 2022. [Doc. 106]. Then, Mr. Ali filed a motion requesting an extension of time to object to the Recommendation, [Doc. 110], which this Court granted in part, extending Mr. Ali's objection deadline to October 12, 2022. [Doc. 111].

[3] Where the Court refers to the filings made in Electronic Case Filing ("ECF") system in this action, it uses the convention [Doc. ____]. When the Court refers to the ECF docket number in the 2012 Case, it uses the convention [ECF No. ____]. In either case, the Court identifies the page number as assigned by the ECF system.

> Mr. Ali alleges that, according to the 1992 agreement, his legal and religious name (Jahad Ali) is to be used on his personal property, clothing, and mail instead of his committed name (Tracey Spencer). . . .  Pursuant to the agreement, Mr. Ali apparently sent and received mail under his legal and religious name only without incident until 2009, when he allegedly began experiencing intermittent problems with sending and receiving mail.

[ECF No. 16 at 3].  And finally, on November 19, 2013, Magistrate Judge Craig B. Shaffer entered a Recommendation and Order of United States Magistrate Judge wherein he stated that "Mr. Ali and the Colorado Department of Corrections ("CDOC") entered into a Settlement Agreement in 1992 in *Makin v. DOC*, Civil Action No. 92-N-55, concerning the use of his religious name." [ECF No. 47 at 2].  According to Mr. Ali, based on these court filings in the 2012 Case, "the District Court has retained [its] jurisdiction over this settlement agreement."  [Doc. 114 at 1].

"[O]nce the parties to a lawsuit have settled and the district court has dismissed the case, the district court does not have ancillary jurisdiction to enforce the parties' settlement agreement." *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).  "A district court can, however, retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement." *Id.* (emphasis added).  But where "the court's order of dismissal did not incorporate the settlement agreement," the court did not retain jurisdiction to enforce the settlement agreement. *Id.*

In other words, under *Kokkonen* and *Morris*, a court retains jurisdiction to enforce a settlement agreement only if *that court's order that operates to dismiss the case* incorporates the terms of the parties' settlement agreement.  As explained previously by Judge Hegarty, there is no indication in the record that Judge Nottingham did so when he dismissed this case with prejudice in 1993. *See* [Doc. 93 at 2; Doc. 100 at 4-5].  The fact that other judges in this District referenced the settlement agreement in a separate civil action—in non-dismissal orders and over a decade

after this case was dismissed—thus has no bearing on whether this Court has jurisdiction to enforce the Parties' settlement agreement <u>in this case</u>. *See Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499, 515 (S.D.N.Y. 2015) ("The purpose of the enforcement branch of ancillary jurisdiction is for a court to 'manage *its* proceedings, vindicate *its* authority, and effectuate *its* decrees,' not that of any other court." (quoting *Kokkonen*, 511 U.S. at 380 (emphasis in original)). "Absent such action . . . enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382. Mr. Ali has not directed the Court to any legal authority demonstrating otherwise.[4]

Accordingly, because court filings in the 2012 Case do not have any bearing on whether this Court has jurisdiction over the enforcement of the settlement agreement, Mr. Ali's objection is **OVERRULED**. The Magistrate Judge's Recommendation is **ADOPTED in its entirety**. Mr. Ali's Motion [Doc. 95] is respectfully **DENIED** on the basis that this Court lacks subject matter jurisdiction over this case.

## CONCLUSION

For the reasons set forth above, after de novo review, the Recommendation of United States Magistrate Judge [Doc. 100] is **ADOPTED**, and **IT IS ORDERED** that:

(1)    Mr. Ali's Motion [Doc. 95] is **DENIED**; and

(2)    A copy of this Order, marked as legal mail, shall be sent to:

---

[4] Even if it were appropriate to consider court orders filed in separate civil actions, the mere reference of the fact that a settlement agreement exists is insufficient to actually incorporate the terms into the court's order. *See Kokkonen*, 511 U.S. at 381 ("The judge's mere awareness . . . of the terms of the settlement agreement do[es] not suffice to make them part of [the court's] order."); *cf. F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico*, 449 F.3d 185, 190 (1st Cir. 2006) (a mere reference to a settlement agreement does not operate to incorporate the terms of the agreement into a court order).

Tracy Spencer a/k/a Jahad Ali
#56036
Fremont Correctional Facility
PO Box 999
Canon City, CO 81215


DATED:  October 12, 2022                    BY THE COURT:

                                            Nina Y. Wang
                                            United States District Judge